I grant that the wife by this devise has an estate for life, withliberty to dispose of it afterwards, as if the testator had devised the house to his wife for life, with power to dispose of the reversion to such of his sons as she pleased. It is a general rule to expound a will according to the intention of the testator, and to find that intention, there are two rules: (1) The intention ought to be taken out of *the words of the will, and not upon an averment. 5 Rep., Cheny's case; (2) If the intention be not apparent out of the words, they are to be expounded according to the rules of the common law. 22 E., 3. If one devises lands to I. S. without defining any estate, it is dubious what estate it meant, whether for life, for years, or in fee; therefore, it is left to the exposition of the law, which likens it to the case of a common conveyance, that makes it an estate for life. 28 Eliz., Eras. Cook's case. There were two coparceners, and one of them devised all her part to I. S. without expressing what estate he should have; now it was dubious inasmuch as her estate was a fee simple, and it was therefore left to the interpretation of the law, which made it an estate for the life of I. S., and it was so adjudged. Likewise in Popham's time in Dixon's case. One had two sons, and devised his lands to them equally to be divided. And as it did not express his intention with regard to the estate they should have, it was left to the decision of the law, and the court resolved that the eldest son should have a fee, and the younger an estate for life. 3 Rep., 39b. For the law says that if a man devises land to his youngest sons, it is only an estate for life, but if he devises it to the eldest, although strictly, it is only an estate for life; yet as it meets the reversion, it becomes a fee, and this is the reason of the judgment of the court in the above case. 24 H., 8, in the Common Bench, it was held that if I devise lands to I. S. habend.to him, and his, or to do what he will with it, it is a fee. I have seen the case, in the handwriting of Justice WARBURTON. But in this case it is the addition that makes the difference. If the case had been barely: Idevise lands to dispose at will and pleasure, as my brother WHITLOCK has said, it is a fee. Yet I doubt it, and incline to think it is merely an estate for life. For if one devises land without expressing what estate, it is only for life, and the words: to dispose at her will and pleasure, shall relate only to the profits. This case differs from the one in Petit. Br., 532; Br. Devise, 38, for there it is said to dispose at her will andpleasure as in our case, but it is also added and to sell, which is not inthis case, and this last clause makes that a fee simple. M., 19; Jac., B.R. rot., 12, 72; Townsend's case. *Page 658 
One devises that his executor shall dispose of his land, he shall dispose of the reversion. And in this Court it has been adjudged that if I dispose of land to I. S. in tail, or condition of granting a rent charge in fee, this shall bind the issue in tail, and the remainderman, inasmuch as the estate was made on this condition. If I devise land to my wife for life, and to give it to some of my sons, it is very clear, and the law is on my side. *I agree with my brother WHITLOCK on the exposition of the words of the will. It has been further objected that the woman was covert at the time she made the feoffment. Still I think it is a good one. For although generally a feme covert cannot make feoffment and give livery (for if she gives livery the feoffee is not disseised without the entry of the husband), still circumstanced as this case is, the wife might well make the enfeoffment. She has the estate with the trust as first, and she shall not take advantage of her coverture, as in the case cited before, when one devises in tail, with condition to grant a rent charge in fee. 10 H., 7, 20. A feme covert executrix may sell to her husband. 34 E., 3. Cui in vita, 19. Land was given to a woman, on condition that she should sell it and distribute the proceeds for the soul of the feoffor. Afterwards, she married, sold, and distributed and her husband died; she shall not have aCui in vita for the taking a husband was her own act. Therefore I say that that if a feme sole levies a fine of her land, and marry, she shall not have five years after her husband's death.